UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Geddes S. Gibbs and Alfred McZeal, Jr.,** | : | Case No. 3:23-cv-1108 |
| | : | (JUDGE MANNION) |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | |
| **Goddard Riverside Community Center, Roderick L. Jones, Merrill T. Dobson, Andrea Cain Lawson, Christopher Auguste, Nancy Rochford, Marcia Bystryn, and Howard Stein,** | : : : | |
| **Defendants.** | : | |

## MEMORANDUM

Presently before the court is Plaintiff's *pro se* amended motion to withdraw the reference of the adversary complaint brought in Plaintiff Debtor Geddes S. Gibbs' Chapter 13 Bankruptcy. (Doc. 13.) While this motion was pending the bankruptcy court dismissed the adversary complaint. Accordingly, the court must **DENY** the motion to withdraw the reference regarding that now dismissed adversary complaint as moot.

### I.   Background

Plaintiff Gibbs and his spouse, Natalie Fashina Langley Gibbs, filed a Chapter 13 Voluntary Petition on February 27, 2023, in the United States Bankruptcy Court for the Middle District of Pennsylvania. On March 27, 2023,

Mr. Gibbs and Alfred McZeal, Jr. initiated an adversary proceeding in the bankruptcy court against Defendant Creditors. Plaintiffs filed a 110-page complaint alleging claims under the United States Constitution, Sections 1981, 1983, 1985, and the 1986, the Racketeer Influence and Corrupt Organizations Act, the Fair Debt Collections Practices Act, and state law. No where in the complaint does Mr. McZeal explain why he is a plaintiff in this matter, how he is connected to Mr. Gibbs or his bankruptcy, or how his rights were violated by the conduct alleged in the adversary complaint.[1]

Mr. McZeal has conceded on the record that his adversary proceeding should have been filed in district court at the onset and was only brought in bankruptcy court because Mr. Gibbs could not afford the district court's filing fee. Still after Defendants moved to Dismiss Plaintiffs' adversary complaint in the bankruptcy court, Plaintiffs filed a motion to withdraw the reference and move the whole adversary proceeding to district court. Plaintiffs first attempted to file this motion in bankruptcy court, where they also requested

---

[1] The bankruptcy court has also expressed concerns that Mr. McZeal, who is not an attorney, is engaged in the unauthorized practice law by acting as Mr. Gibbs representative in this matter. The court shares this concern and wants to remind Mr. McZeal that the unauthorized practice of law is a criminal offense in the Commonwealth of Pennsylvania. *See* 42 Pa. Cons.Stat. Ann. § 2524. Mr. McZeal cannot represent Mr. Gibbs or anyone other than himself in any aspect of Mr. Gibbs' bankruptcy or any other proceeding before this court.

to stay their adversary proceeding while that motion was pending. But since a motion to withdraw the reference must be filed in district court, the bankruptcy court dismissed Plaintiffs' motion as well as denied their request for a stay finding that they failed to carry their burden of showing that they were likely to succeed in having the reference withdrawn or that the stay otherwise served the interest of the parties or court.

On July 5, 2023, Plaintiffs refiled their motion to withdraw the reference. (Doc. 1) For reasons that are not clear to the court, Plaintiff filed their motion to withdraw the reference again on July 17, 2023. (Doc. 3.) Defendants filed a response on July 19, 2023, (Doc. 9), and Plaintiffs filed an amended motion on July 21, 2023. (Doc. 10) Plaintiffs amended again and filed the present motion on July 27, 2023. (Doc. 13.) Defendant have not filed any subsequent response to Plaintiffs' motion but have continued to pursue their motion to dismiss the adversary proceeding in bankruptcy court.[2] In their motion Plaintiffs request the district court stay the proceedings in bankruptcy court regarding Defendants' motion to dismiss. The court did not grant that request, nor was it required to.

---

[2] Defendants also filed a motion to sanction Mr. McZeal in the bankruptcy court arguing that Mr. McZeal's only purpose for inserting himself in this bankruptcy is to harass and exploit Defendants, a tactic that has previously led to sanctions against him in California, Texas, and Louisiana, and landed him on a vexatious litigants list.

Plaintiffs did not respond the Defendants' motion to dismiss but instead filed a motion to strike Defendants motions to dismiss as well as their motion for sanctions against Mr. McZeal. On August 10, 2023, the bankruptcy court denied Plaintiffs' motion to strike and granted Defendants' motion to dismiss finding that Mr. Gibbs failed to allege adequate facts for any of his claims and Mr. McZeal lacked standing to bring any claim. Furthermore, neither Mr. Gibbs nor Mr. McZeal filed any response to Defendants' motion to dismiss. On August 22, 2023, Plaintiffs filed a notice of appeal challenging the bankruptcy court's ruling on Defendants' motion to dismiss with the district court. On August 23, 2023, the court docketed a letter with its procedures including the requirement that Plaintiffs file their opening brief within 14 days per the Federal Rules of Bankruptcy Procedure. (Doc. 2). To date Plaintiffs have not filed any briefs with the district court. Accordingly, the district court has dismissed that appeal for failure to prosecute.

II.     **Standard of Review**

A district court's authority to withdraw reference of a case to the bankruptcy court is governed by 11 U.S.C. §157(d), which provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court

shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organization of activities affecting interstate commerce.

11 U.S.C. §157(d). "Section 157(d) provides for either permissive withdrawal of the reference, upon showing of cause, or mandatory withdrawal of reference if consideration of certain other federal statutes is necessary." *Miller v. Vigiland Ins. Co.* (*In re Eagle Enters., Inc.*), 259 B.R. 83, 87 (Bankr. E.D. Pa. 2001).

### III. Discussion

"The existence of a case or controversy is a prerequisite to all federal actions." *Philadelphia Fed'n of Teachers v. Ridge,* 150 F.3d 319, 322–23 (3d Cir.1998) (quoting *Presbytery of N.J. of Orthodox Presbyterian Church v. Florio,* 40 F.3d 1454, 1462 (3d Cir.1994)). "A case will be considered moot, and therefore nonjusticiable as involving no case or controversy, if the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *In re Kulp Foundry, Inc.,* 691 F.2d 1125, 1128 (3d Cir.1982) (citation and internal quotation omitted). The analysis of whether a case is moot "traditionally begins with 'the requirement of Article III of the

Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *International Bhd. of Boilermakers v. Kelly,* 815 F.2d 912, 914 (3d Cir.1987) (quoting *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971)). The existence of a case or controversy, in turn, requires "'(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.'" *Id.* at 915 (quoting *Dow Chem. Co. v. United States Envtl. Protection Agency,* 605 F.2d 673, 678 (3d Cir.1979)).

"In addition to its threshold constitutional dimension, mootness doctrine incorporates prudential considerations as well." *International Bhd. of Boilermakers,* 815 F.2d at 915. "Thus, in applying the mootness doctrine, courts, in addition to satisfying the requirements of Article III, 'must answer the more policy-oriented question whether the parties before it have, at the time for decision sufficient functional adversity to sharpen the issues for judicial resolution.'" *Id.* (quoting *Dow Chem.,* 605 F.2d at 677–78). Accordingly, "'the central question of all mootness problems is whether changes in circumstances that prevailed at the beginning of the litigation

have forestalled any occasion for meaningful relief.'" *Id.* (quoting *Jersey Cent. Power & Light Co. v. State of N.J.*, 772 F.2d 35, 39 (3d Cir.1985)).

In civil cases the Third Circuit has recognized only two narrow exceptions to the mootness doctrine. First under the voluntary cessation exception, courts are "reluctant to declare a case moot" when the defendant voluntarily ceases the challenged conduct after litigation begins but still maintains the lawfulness of its past conduct. *See Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 305-07 (3d Cir. 2020). Second the capable-of-repetition exception "applies only in exceptional situations" where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (*quoting Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)) (brackets and internal quotation marks omitted).

Here Plaintiffs request that the court withdraw the reference on their adversary proceeding that has since been dismissed in the bankruptcy court. As a result, if the court were to grant that motion and withdraw the reference there would be no case or controversy for it to adjudicate. Furthermore, neither of the exceptions to the mootness doctrine apply. Defendants did not

voluntarily cease the challenged conduct nor is there a reasonable expectation that the same complaining party will be subject to the same action again. Plaintiffs had an opportunity the challenge the bankruptcy court's dismissal of their adversary complaint but failed to prosecute it. Accordingly, the court must dismiss Plaintiff's motion to withdraw the reference regarding that adversary complaint as moot.

## IV. Conclusion

Based on the aforesaid Plaintiff's motion to the withdraw the reference will be **DENIED** as moot. An appropriate order follows.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 12, 2024**
23-1108-01